## FARNHAM *vs.* COLTON and others.

A re-sale of mortgaged premises is generally ordered for the purpose of increasing the fund for the payment of the debts of the mortgagor.

If the sale was made at an inadequate price, but the value of the property has, by arrangement, been appropriated to the payment of the debts of the mortgagor, that circumstance will create a strong equity in favor of the purchaser.

A vigilant creditor purchasing at a mortgage sale, so as to secure his own debt, will be protected in such purchase, unless he wilfully misleads, surprises, deceives, or defrauds senior incumbrancers.

If a senior incumbrancer neglects to attend to his interest upon such sale, he will not be relieved as against a more vigilant junior incumbrancer.

PETITION for a resale of mortgaged premises by the Commercial Bank of Buffalo. This bank had two judgments and a mortgage against Colton, the mortgagor, which were junior liens to the mortgage which is the basis of the decree in this suit. Colton also was in debt to the Messrs. Darts of New York, in the sum of about $4,500, of which nearly $3,500 was in judgment. Colton persuaded the Messrs. Darts to purchase the decree in this cause, under an arrangement that the balance of the value of the mortgaged premises, over and above the amount of the decree, should apply in satisfaction of their debt. The sale was advertised for the 19th November, 1838. It was adjourned to 26th Nov. In the mean time the Messrs. Darts purchased the decree ; and on the adjourned day, the sale, after being kept open nearly all day to wait for bidders, was made, and Allen, a friend of Colton, became the purchaser, at $1,800. Allen then executed one mortgage to the Messrs. Darts for the amount they had paid for the decree, about $2,000, and a second mortgage for the amount

June, 1839.

Farnham
v.
Colton and
others.

of Colton's debt to them, being about $4,500, and their debt against Colton was cancelled. The Commercial Bank, in their petition, state that the property is worth $6,000, and offer, in case the biddings should be opened, to bid $6,000. They state that they were surprised and misled in relation to the sale, and did not attend on the day of the sale. This, however, is contradicted fully by affidavits on the part of the purchaser, so far as there was any contrivance, deception, or misinformation charged. It appeared, also, that the bank had other securities for the payment of their debt against Colton.

*S. G. Austin,* for complainant.

*E. S. Warren,* for Commercial Bank.

THE VICE CHANCELLOR. A resale of property is more commonly ordered for the purpose of increasing the fund, for the payment of the debts of the mortgagor. In this case, though the property was sold for an inadequate price, yet it has finally gone for a meritorious object, to aid the payment of bona fide debts. There is no hope or expectation that the mortgaged premises will, upon a resale, pay a greater amount of debt than it has now actually done, by the arrangement with the Messrs. Darts. The Messrs. Darts have been vigilant, and secured their debt, an act of itself not unpraiseworthy; still they were junior incumbrancers to the petitioners, and if they or any person having an interest, have done any act wilfully to mislead, surprise, or defraud senior incumbrancers, ordinarily vigilant, they should not have the advantage of their vigilance; and a resale should be ordered. Upon looking over the papers and hearing the argument, I cannot bring myself to

believe that the information communicated to the attorney for the petitioners, was such as should mis- lead or surprise a vigilant creditor. The arrangement spoken of as contemplated on the 19th Nov. was then indefinite, and it was not then known what shape it would take. It was left in that shape on that day, that a vigilant creditor, intending to secure his debt out of the mortgaged premises, should at least have made some further inquiry in relation to it. The petitioners seem to have given the matter very little attention at the proper time; and it is not until after the sale that they look to the matter.

The application for a resale is denied, with costs to the opposing parties.

NOTE.—The decision in this cause was affirmed on appeal to the Chancellor.